**COMPAGNIE FRANCAISE DE NAVIGATION A VAPEUR v. BONNASSE et al.**

(District Court, S. D. New York. November 30, 1925.)

1. **Admiralty ⬤⟶5—Libel by charterer to recover on general average bond held within jurisdiction of District Court, though both libelant and respondent were citizens of France.**

Libel by charterer, who had paid claims of cargo owners against vessel for fire and water damage, to recover on a general average bond furnished by owner and obtained from respondent; *held* within jurisdiction of United States District Court, though both libelant and respondent were citizens of France, in view of language of bond and conceded jurisdiction of court over primary libel of vessel by cargo owners.

2. **Shipping ⬤⟶187.**

General average adjustment is determined according to the law of the port of destination.

See, also, 15 F.(2d) 203.

Loomis & Ruebush, of New York City (Homer L. Loomis, of New York City, of counsel), for libelant.

Morris, Plante & Saxe, of New York City (Guthrie B. Plante and David S. Elkins, both of New York City, of counsel), for respondents.

AUGUSTUS N. HAND, District Judge. This is a motion to dismiss the libel on the ground that the court should not assume jurisdiction of the cause of action. The libel alleges that, while the Greek steamship Diacakis, of which the libelant was time charterer, was bound from Valencia, Spain, to the port of New York, a fire broke out on board at Gibraltar. In order to extinguish the fire and save the ship and cargo, much water was pumped into the ship, with the result that a heavy loss was sustained. Following the discharge of a large portion of the cargo and the disposal of such as had to be sold at Gibraltar, and the reconditioning and reloading of the rest, and after repairs had been made to the ship, she resumed her voyage to New York. The loss so suffered constituted a general average loss, to which the vessel Diacakis and her owner were obliged to contribute in proportion to the relative values possessed at the conclusion of the voyage by the various interests at risk.

Thereafter, prior to the determination through a general average adjustment of the amounts to be contributed by the ship and cargo, respectively, a general average bond was delivered to the libelant, wherein the respondents undertook to pay such sums as might be found to be due from the ship in general average, not exceeding $55,000. The general average was adjusted in New York by Johnson & Higgins at $125,861.01. The bills of lading holders libeled the vessel in this

court, and the vessel was released upon a stipulation for value furnished by the charterer, who in turn obtained from the Greek owner of the vessel the above $55,000 bond from the respondents.

[1] The libelant charterer, in settlement of its obligations to the various cargo owners, paid $92,500 and, receiving no reimbursement from the Greek owner, brought this suit and by process of foreign attachment seized various credits of the respondent with banks in New York. Both libelant and respondents are citizens of the republic of France. The bond on which suit is brought provides that: "This suretyship bond is given subject to the mutual rights of the parties, who have understood that the shipowner submits himself to the jurisdiction of the American courts of law as to all matters pertaining to the general average adjustment."

No question was raised as to the jurisdiction of the court in the case of the libel filed by the bills of lading holders. The bond now sued upon was given to aid in the release of the vessel from their liens, yet the respondents insist that this court ought to decline jurisdiction, because the suit is between two foreign citizens of the same state. The adjustment was properly made in New York, and the case somewhat resembles that against a surety, who has furnished a bond to procure vacation of a common-law attachment or to stay execution of a judgment, where the creditor may proceed against the surety by a writ of scire facias in the main action. The remedy here is so nearly related to the primary cause of action against the ship, which would unquestionably lie in this court, that the identity of citizenship of the parties ought not to furnish a reason for declining jurisdiction.

[2] Not only does the language of the bond provide that the American courts are to have jurisdiction of "all matters pertaining to the general average adjustment," but the firm of average adjusters is in New York and the general average adjustment is determined according to the law of the port of destination. Congdon on General Average, p. 135; Scrutton on Charter Parties (11th Ed.) 319. These considerations afford ample reason for retaining jurisdiction.

The motion papers submitted herein are directed, not to the merits of the cause of action, but whether this court shall assume jurisdiction. Whether the respondents may establish, upon the trial or otherwise, that the instrument attached to the moving papers is not in legal effect a general average bond or security sufficient to give jurisdiction to this court as a court of admiralty, I do not pass upon, and only decide that no sufficient reasons have been shown by the moving papers to justify this court in declining jurisdiction as a matter of judicial discretion.

The motion is denied.